UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
WILLIAM R. MCCOLL,

Plaintiff,

- against -

NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,

Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-4376 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff William R. McColl filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which had denied Plaintiff benefits. After the parties filed cross-motions for judgment on the pleadings, the Court granted Plaintiff's motion and remanded to the SSA, where Plaintiff was awarded roughly $126,828 in past-due benefits. Plaintiff's counsel, Charles E. Binder ("Binder"), now moves for $31,707 in attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). For the reasons explained below, Binder's motion is granted and Binder is awarded $31,707.

## BACKGROUND

After Plaintiff was denied benefits at the agency level, Plaintiff retained Binder's firm, Charles E. Binder & Harry J. Binder Attorneys at Law, LLP ("Binder & Binder"), which had represented him in proceedings before the SSA, (Admin. Tr., Dkt. 8, at 249–53), to appeal his denial of benefits, (Decl. of Charles E. Binder ("Binder Decl.") Ex. A ("Retainer Agreement"), Dkt. 24-4, at ECF[1] 2–3). Binder & Binder filed this action on Plaintiff's behalf on August 8, 2018.

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

(Compl., Dkt. 1.) After the parties filed cross-motions for judgment on the pleadings, (Dkts. 15, 16, 19), and Plaintiff filed a reply, (Dkt. 18), the Court granted Plaintiff's motion and remanded to the SSA, (*see* Memorandum and Order ("M&O"), Dkt. 21). The Court then awarded Plaintiff $7,400 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 23; 12/06/2019 Dkt. Order.) On October 8, 2025, the SSA mailed Plaintiff a Notice of Award letter informing him that he would receive approximately $126,828 in past-due benefits, with 25% ($31,707) withheld as possible fees for his attorney.[2] (Binder Decl. Ex. C ("Notice of Award"), Dkt. 24-4, at ECF 7–10.)

By motion filed on October 19, 2025, Binder seeks $31,707 for work performed before this Court. (Binder Decl., Dkt. 24-3, ¶ 12.) Along with Binder's motion, counsel submitted a fee agreement, (Retainer Agreement, Dkt. 24-4, at ECF 2–3), demonstrating that McColl had retained Binder & Binder on a 25% contingency-fee basis, and itemized time records, (Binder Decl. Ex. B ("Itemized Time Records") Dkt. 24-4, at ECF 5), indicating that Binder & Binder spent a total of 37.6 hours litigating this matter before this Court. $31,707 for 37.6 hours of work would be an effective hourly rate of $843.27 per hour. The 37.6 hours spent on this matter includes representation by Binder, who spent 3.30 hours litigating the matter in federal court, (Binder Decl., Dkt. 24-3, ¶ 9), and Daniel S. Jones,[3] who expended 34.30 hours "working on Plaintiff's case

---

[2] The Notice of Award does not explicitly state the total past-due benefits to which Mr. McColl is entitled. The Court arrives at this $126,828 sum by multiplying the $31,707 withholding—which the Notice of Award indicates is 25% of past-due benefits—by four.

[3] Since Binder is Plaintiff's only counsel of record in the federal proceeding, and since Jones appears to have worked under Binder in similar cases, the Court assumes that Jones is employed at Binder & Binder. *See, e.g.*, *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) (referring to "Daniel S. Jones of Binder & Binder" and noting that "Charles E. Binder of Binder & Binder . . . review[ed] and revis[ed] the work of Mr. Jones" in a similar SSA benefits matter filed in the Southern District of New York).

during the federal court appeal," (*id.* ¶ 7). (*See also* "Itemized Time Records," Dkt. 24-4, at ECF 2–3.) The Court therefore treats Binder's requested fees as a request from his firm for both attorneys' work. *See Jennifer P. L. v. Comm'r of Soc. Sec.*, No. 17-CV-5589 (SLC), 2026 WL 760857, at *2 (S.D.N.Y. Mar. 18, 2026) (taking a similar approach).

The Commissioner of Social Security ("Commissioner") does not object to this motion. (Resp., Dkt. 26, at 1–2.)

## DISCUSSION

### I. Timeliness

Motions for attorney's fees under Section 406(b) must be filed within the 14-day filing period prescribed by Federal Rule of Civil Procedure ("Rule") 54(d). *Sinkler v. Berryhill*, 932 F.3d 83, 86–89 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," *id.* at 88, and the law presumes that "a party receives communications three days after mailing," *id.* at 89 n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)). Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89 (citations omitted).

Plaintiff's counsel received the notice of benefits award on October 8, 2025. (Binder Decl., Dkt. 24-3, ¶ 11.) This motion was filed on October 19, 2025, 11 days later. (Notice of Mot. Att'y Fees, Dkt. 24.) The motion is thus timely filed.

### II. Reasonableness of the Requested Fee

#### A. Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). If the contingency percentage is within the 25% cap, and

there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) "the character of the representation and the results the representative achieved"; (2) "whether a claimant's counsel is responsible for undue delay," unjustly allowing counsel to obtain a percentage of additional past-due benefits;[4] and (3) whether the requested amount is "so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849, 853 (citations omitted). Ultimately, a district court may reduce the amount called for in the contingency[-]fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

The windfall factor is not equivalent to the traditional lodestar inquiry, where the Court is called on to act as an "arbiter[] of 'reasonableness' between the opposing interests of the prevailing plaintiffs and losing defendants." *Id*. at 854 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). Rather, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," *id.*; (2) "the nature and length of the professional relationship with the claimant—including any

---

[4] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002) (noting that "where the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court"))).

representation at the agency level," *id.* at 855; (3) "the satisfaction of the disabled claimant," *id.*; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *id*.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under [Section 406(b)] are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

**B. Application**

Here, Plaintiff retained Binder & Binder to appeal his denial of benefits pursuant to a 25% contingency-fee agreement. (Retainer Agreement, Dkt. 24-4, at ECF 2–3.) There are no allegations of fraud or overreaching with respect to the retainer agreement. Binder seeks the full 25% of Plaintiff's past-due benefits. At 37.6 hours of work, that would be an effective hourly rate of $843.27 per hour. For the reasons explained below, the Court finds that amount to be reasonable in the context of this case.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849. In Plaintiff's opening brief, Binder & Binder argued that the Administrative Law Judge ("ALJ") had failed to properly weigh the medical opinion evidence and had improperly discredited Plaintiff's testimony. (Pl.'s Mem. Supp. Mot. J. on the Pleadings ("Pl.'s Mem."), Dkt. 10, at 11–28.) Binder & Binder's briefing was effective, identifying the relevant infirmities upon which the Court granted Plaintiff's motion for judgment on the pleadings and remanded this action for further administrative proceedings.

(*Compare id.*, *with* M&O, Dkt. 23.[5]) Plaintiff then received an award of past-due benefits and future benefits on remand. (Binder Decl., Dkt. 24-3, ¶¶ 3–5; Notice of Award, Dkt. 24-4, at ECF 7–10.) The Court therefore finds that this factor does not warrant a downward adjustment.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Fields*, 24 F.4th at 849. Here, Binder & Binder was not responsible for any unreasonable delays that would warrant a downward adjustment. The SSA notified Plaintiff of a final denial of benefits on June 11, 2018, (*see* Compl., Dkt. 1, ¶ 11), Plaintiff retained Binder & Binder to continue his representation and appeal his case on July 5, 2018, (*see* Retainer Agreement, Dkt. 24-4, at ECF 2–3), and counsel filed the Complaint on August 2, 2018, less than thirty days later, (*see* Compl., Dkt. 1). The only delays in the underlying matter are attributable to the Commissioner, who moved for two extensions, (Dkts. 12, 13). Thus, the Court finds that this factor does not warrant a downward adjustment. *See, e.g.*, *Saha v. Comm'r of Soc. Sec*, No. 23-CV-2797 (PKC), 2026 WL 2389596, at *4 (E.D.N.Y. Aug. 17, 2026) (finding no reason to reduce fee amount where counsel timely filed complaint after being retained by the plaintiff and "the only relevant delay" was attributable to the defendant).

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," *id.* at 854, the Court believes that 37.6 hours was a reasonable amount of time to spend on this matter. In *Fields*, which was also litigated by Binder & Binder, the Second

[5] The Court agreed that the ALJ's improper weighing of the medical opinion evidence constituted "error requiring remand" and that the ALJ's assessment of Plaintiff's credibility was "not supported by substantial evidence." (M&O, Dkt. 21, at 24–27.)

Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. *Id.* at 854. Here, the transcript was 576 pages, (Admin. Tr., Dkt. 8), the opening brief was 30 pages, (Pl.'s Mem., Dkt. 10), and Binder & Binder was also required to draft a reply brief, (Pl.'s Reply, Dkt. 18). The amount of work expended here is comparable to that in *Fields* because, although Binder & Binder had a shorter transcript to review in this case, it had a longer brief to draft and an additional filing to submit. Further, the hourly rate at issue is only $843.27, approximately fifty-four percent of the hourly rate that the Circuit found justified in *Fields*. Moreover, as in *Fields*, Binder and Jones are experienced lawyers who specialize in Social Security disability cases. (*See* Binder Decl., Dkt. 24-3, ¶¶ 8, 10.) Thus, the Court finds that, in this case, Binder & Binder accomplished "in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *See Fields*, 24 F.4th at 854. Accordingly, this factor does not suggest a windfall.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that attorneys from Binder & Binder represented Plaintiff in front of the SSA before filing this suit. In *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before ALJs and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments before the district court, and distinguishing the case from some other cases that had found a windfall. *See id.* at 855. Here, attorneys from Binder & Binder represented Plaintiff throughout his agency proceedings (*see* Admin Tr., Dkt. 8, at 314), including at a hearing before the ALJ, (*id.* at 143–45

(noting appearance by "John Moran" from Binder & Binder)), and in a petition to the SSA Appeals Council, (*id.* at 318–24). Thus, Binder & Binder developed a comparable attorney-client relationship built over multiple rounds of representation that plaintiff's counsel had developed in *Fields*. Additionally, Binder & Binder achieved comparable results to those secured by plaintiff's counsel in *Fields*. This factor, therefore, does not warrant a downward adjustment.

With respect to "the satisfaction of the disabled claimant," *Fields*, 24 F.4th at 855, the Court presumes that Plaintiff is satisfied with the results, with no evidence to the contrary. *See Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023). Plaintiff received a majority of the past-due benefits he sought, and counsel was not responsible for any delays that may have warranted dissatisfaction. Therefore, this factor does not suggest that the requested fee constitutes a windfall. *See, e.g.*, *Hickey v. Comm'r of Soc. Sec.*, No. 18-CV-7053 (PKC), 2022 WL 2918234, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment warranted where there was no evidence of dissatisfaction and counsel achieved a favorable result without any requests for extension).

Lastly, the Court addresses "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 855. Here, as in *Fields*, "[t]he success of the claim was far from a sure thing, as evidenced by the fact that it was denied multiple times at the agency level." *See id.* at 856; (*see also* Binder Decl., Dkt. 24-3, ¶ 1 (describing several denials at agency level)). Further, like *Fields*, "advancing the claim in the district court was not without effort"; the parties fully briefed cross-motions on the pleadings, and did not stipulate to remand. *See Fields*, 24 F.4th at 856. "A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Id.* Accordingly,

the Court finds that this factor does not suggest a windfall and does not warrant a downward adjustment.

For the reasons explained above, the Court finds the requested amount of $31,707 to be reasonable. Additionally, upon receiving the Section 406(b) award, Binder must remit the $7,400 received pursuant to the EAJA to Plaintiff.

**CONCLUSION**

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Binder is awarded $31,707. Upon receipt of this award from the Government, Binder shall promptly refund Plaintiff $7,400, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 14, 2026
Brooklyn, New York